UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA KIRKENDOLL,

    Plaintiff,

 v.              Case No. 20-cv-207-pp

DEPARTMENT OF JUSTICE,
TIMOTHY WITKOWIAK, and JAMES EBBY,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO LIFT (DKT. NO. 9), ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 7) AND DISMISSING CASE**

---

On February 10, 2020, the plaintiff filed a complaint against the Department of Justice, an attorney and a judge. Dkt. No. 1 at 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On February 13, 2020, Magistrate Judge William E. Duffin, to whom the case is assigned, granted the plaintiff's request to proceed without prepaying the filing fee but ordered him to file an amended complaint no later than March 16, 2020. Dkt. NO. 4.

On March 5, 2020, the court received the plaintiff's amended complaint; in addition to naming the three original defendants, the amended complaint named four involuntary plaintiffs—the Department of Administration, the Department of Legislation, the Department of Defense and the Department of State. Dkt. No. 5. The plaintiff filed an exhibit to the amended complaint—a

1

photo of a check for $1,300 dated September 11, 2019 and made out to the plaintiff. Dkt. No. 5-1.

Because the court has not yet ordered the amended complaint served on the defendants, they have not had the opportunity to decide whether to consent to Judge Duffin's authority to decide the case. So, on May 6, 2020, Judge Duffin issued a report recommending that this district court judge dismiss the case. Dkt. No. 7. The clerk's office mailed that report to the plaintiff at 830 N. 19th Street, Milwaukee, Wisconsin 53233—the address the plaintiff put at the bottom of the last page of the amended complaint. Dkt. No. 5 at 8. On May 12, 2020, however, the copy of the report the clerk had mailed to the plaintiff was returned as "address not known." Dkt. No. 8. Just shy of two months later, the plaintiff called the clerk's office to update his address, and was advised that any address changes would need to be in writing and mailed in. Later that month, on July 31, 2020, the plaintiff filed a document titled "Motion to Lift." Dkt. No. 9.

I. **Report and Recommendation (Dkt. No. 7)**

Judge Duffin recommends that the court dismiss the amended complaint and the case. Dkt. No. 7 at 3.

He began by noting that the original complaint alleged that defendant Ebby was an attorney and defendant Witkowiak was a judge, but that the amended complaint did not include those titles. Id. at 2. Judge Duffin perceived that the plaintiff was alleging legal malpractice against these defendants and explained (as he had in his order requiring the plaintiff to file

2

an amended complaint) that this federal court did not have jurisdiction over the state-law legal malpractice cause of action unless the case involved citizens of different states and a claim for more than $75,000; Judge Duffin observed that the plaintiff had alleged neither condition. Id.

Judge Duffin then observed that much of the amended complaint defined or explained irrelevant concepts such as the castle doctrine, the entitlement reform act and bladder dysfunction. Id. He found that the only potentially relevant section was the plaintiff's mention of the Americans with Disabilities Act, a federal statute which would, if the defendants had violated it, give rise to a federal cause of action over which a federal court could exercise jurisdiction. Id. But Judge Duffin could not tell from the plaintiff's allegations whether the plaintiff was trying to assert a claim for disability discrimination. Id. at 2-3.

Because Judge Duffin could not tell whether the plaintiff had alleged any claim over which this court has jurisdiction, he recommended to this court that it dismiss the case. Id. at 3. His order advised the plaintiff that the plaintiff had fourteen days in which to file an objection.

## II. "Motion to Lift" (Dkt. No. 9)

Judge Duffin issued the recommendation on May 6, 2020 and the court did not receive an objection from the plaintiff within fourteen days. As the court noted above, however, the plaintiff appears to have moved between the time he filed the amended complaint and the time the clerk's office mailed Judge Duffin's recommendation. The plaintiff notified the clerk's office of his new address on July 8, 2020; the same day, the clerk's office mailed him another

3

copy of Judge Duffin's recommendation. Twenty-three days later, the court received from the plaintiff the document he titled "Motion to Lift." Dkt. No. 9. While the court did not receive this document within fourteen days of the date the clerk's office mailed the recommendation to the plaintiff's new address and while much of the motion refers to Wisconsin law and is difficult to interpret, the court believes that the plaintiff means this document to be his objection to Judge Duffin's recommendation. The second page includes the following: "For Respondent that motion recommendation to dismissal 28 USC S 1915(e)(2)(B)(ii)." Id. at 2. It references a "recommendation of dismissal." Id. Like the original and amended complaints, it mentions malpractice. The court will treat the motion as the plaintiff's objection to Judge Duffin's recommendation.

### III. Analysis

Under Fed. R. Civ. P. 72(b), a district judge must "determine de novo" any part of a magistrate judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b). The court reviews any parts of the recommendation to which a party has not objected for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Arguably, the plaintiff has not properly objected to Judge Duffin's recommendation; the court did not receive his objection within fourteen days of the date of issuance (and the plaintiff neglected to update his address, which caused the recommendation to be sent back to the court). Nor did the court receive the objection within fourteen days of the date it mailed the second copy

4

to the plaintiff. But because the plaintiff is representing himself and because there was a delay due to his change in address, the court will err on the side of caution and conduct a de novo review.

The amended complaint is very difficult to understand. The first page mentions September 11, 2019 and says that the plaintiff was treated unfairly at "trail"—the court assumes the plaintiff means "trial." Dkt. No. 5 at 1. He says that "Defendant which was the deciding judge"—presumably defendant Witkowiak—"was very bias." Id. But among these assertions is a paragraph of incomprehensible references to discrimination, commercial law, reclaimed statements, and "hugecules." Id. The next page mentions homelessness and individuals with mental disabilities, but the plaintiff does not say whether he is homeless or has a mental disability. Id. at 2. The plaintiff mentions Ben Carson,[1] a "head of housing," "Ayanna Pressey,[2]" Sonny Purdue,[3] Governor Tony Evers, Mayor Tom Barrett and Paul Ryan.[4] Id. But he does not explain what these people have to do with whatever he believes happened to him at his trial, or with the alleged misconduct of the defendants.

While the amended complaint mentions the ADA, it does nothing more than recount a section of the statute. Id. at 3. The plaintiff does not allege that

---

[1] Presumably United States Secretary of Housing and Urban Development Benjamin S. Carson, Jr.
[2] Presumably U.S. Congresswoman Ayanna Pressley of Massachusetts.
[3] Presumably United States Secretary of Agriculture George Evin "Sonny" Purdue, III.
[4] Presumably former speaker of the U.S. House of Representatives Paul D. Ryan.

he is disabled or explain how any defendant violated the ADA. He describes something he calls the entitlement reform act, id. at 3-4, discusses Medicare reform, id. at 4, describes the "Castle Doctrine state" and talks about the duty to retreat and persons forcibly entering someone's home, id. at 4. He alleges that "[d]efendant one and defendant two" made false statements about the commercial and small businesses. Id. at 4-5. He asserts that "[t]he defendant"—he does not say which one—offered to settle for "1300" and that this was not enough "for him to get paid." Id. at 5. The court interprets this as an allegation that the plaintiff did not like the settlement offer Ebby brought to him. The plaintiff alleges that someone perjured themselves to him, but he does not say who or when. Id. He discusses chronic homelessness and people coming back from war with mental issues. Id. The plaintiff describes various acts that he believes constitute legal malpractice, such as "lying to you or a judge," being involved in a criminal endeavor, not being impartial, being incompetent, being excessively arrogant, misusing the prestige of office or having a mental or physical disability. Id. at 5. He describes various mental and physical conditions—nosebleeds, bladder dysfunction, post-traumatic stress disorder, bipolar disorder. Id. at 5-6. Only in the section on PTSD does the plaintiff imply that *he* suffers from this disorder—he talks about having flashbacks and nightmares "of the thing [he] seen as homeless man live on Milwaukee street." Id. at 6. After describing the symptoms of depression, cystic fibrosis and cancer, the plaintiff returns to discussing the history of business and different types of businesses. Id. at 7-8.

On the last page of the amended complaint, the plaintiff says that on September 11, 2019 a check for "1300 for the trail of [the plaintiff]" was made. Id. at 8. He asserts that the settlement was supposed to be for more than "ten thousand due to the bias suggest of the attorney during state that the defendant was not reasonable and that it was a LLC and use the business format a defined as business code and not commercial which what it is because any business that sale or use any business transaction as for profit base business rather business or non profit." Id. The plaintiff ended by asking to be taken seriously and asking the court to "remove previous judgment order," as well as asking that the Justice Department compensate him and that he receive compensatory and punitive damages. Id.

As best the court can tell, the plaintiff had a case in state court, perhaps in small claims court. It appears that he believes that the judge was biased in some way—perhaps because the plaintiff suffers from a disability—and that his lawyer committed malpractice. It appears that he was not pleased with the settlement offer his lawyer presented to him. Even if all of this is true, the plaintiff has not alleged enough facts to state a claim for which this federal court may grant relief. If he is alleging malpractice by his lawyer, that is, as Judge Duffin said, a state-law claim. If he is alleging that the defendants violated the Americans with Disabilities Act, he has not clearly explained what disability he suffers from and how the defendants discriminated against him.

The amended complaint fails to state a claim and the court will dismiss it.

### IV. Conclusion

To the extent that the plaintiff's "Motion to Lift" is an objection to Judge Duffin's recommendation, the court **OVERRULES** that objection. To the extent that it is a motion to reject Judge Duffin's recommendation, the court **DENIES** that motion. Dkt. No. 9.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim on which relief may be granted. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 7th day of December, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**